## Perkins v. Hodge.

1. **Receipt:** PAROL EVIDENCE ADMISSIBLE TO EXPLAIN: PROMISSORY NOTES. Parol evidence is admissible to show that a receipt was given upon the condition that the amount covered by it should be indorsed upon the note. If the indorsement is not made, the transaction does not operate as a payment upon the note.

2. **Evidence:** DISCRETION OF THE COURT: PRACTICE. Where the discrepancy between the testimony of a witness at a former trial, and on the pending trial was so slight that neither party could be affected thereby, the court was justified in refusing permission to cross-examine the witness by whom it was sought to establish the conflict of evidence.

*Appeal from Warren Circuit Court.*

WEDNESDAY, APRIL 29.

THE action was brought before a justice of the peace on an account for corn sold to defendant; and money paid at his request. Defendant pleaded a set-off on an account for cash paid and work done, and payment by a credit upon a note given to defendant and one Case, by plaintiff and others for work done in building a church, for which defendant executed a receipt at the time of the payment. A judgment was rendered before the justice for defendant. Upon appeal to the Circuit Court, a trial to a jury resulted in a verdict for plaintiff. From a judgment thereon defendant appeals to this court.

*Todhunter & Williamson,* for appellant.

*Bryan & Seevers,* for appellee.

BECK, J.—I. The objections urged in the argument before us, relate to the rulings of the Circuit Court upon instructions to the jury, and the admission of evidence. Other matters assigned as errors are not pressed by counsel, and therefore demand no attention from us.

There was evidence tending to show that plaintiff as one of

a committee of a church, had executed to defendant and another, a promissory note intending to bind the church for an amount due upon a building contract. Upon a settlement between plaintiff and defendant, the latter executed a receipt acknowledging payment upon this note of the sum found due from him to the former when the receipt was given. The note was not in defendant's possession, but was held by the other payee and was then due. Plaintiff claims, and introduced evidence tending to establish, that defendant agreed, in case the proper credit was not made upon the note by the party holding it, he would pay the amount thereof to plaintiff; in other words that the receipt was given under an agreement, that plaintiff's claim was not to be discharged unless the amount thereof was credited upon the note. This was a point of contest in the case, and plaintiff's claim as to the facts was contradicted by defendant's evidence.

*1. RECEIPT: parol evidence admissible to explain: promissory note.*

There was no credit made upon the note, and it was finally paid by the church. Upon this branch of the case the court directed the jury, in effect, that if they found the evidence established such a contract as plaintiff claimed was made when the note was executed, he was entitled to a verdict for the amount of the account, which could not be regarded as paid by the transaction. This instruction defendant insists is incorrect on the ground that the receipt operated as payment upon the note *pro tanto*, which discharged plaintiff's claim. But the receipt is not an instrument of such character that it may not be explained, and the true nature of the transaction may not be considered. If there was an agreement that defendant should procure the credit to be made on the note, and that the transaction between the parties should be considered as payment on that condition, a failure to cause the credit to be indorsed would certainly justify plaintiff in regarding the transaction as not amounting to a payment on the note. Now this is the effect of the instruction. It is therefore correct.

II. The defendant testified that *some time after* the receipt was given, plaintiff informed him the credit had not been

indorsed upon the note, and that he would look to defend-
ant for his pay. Plaintiff, who had before given
evidence, was recalled, and testified that defendant
had stated in his evidence before the justice such
a conversation was had *shortly after* the receipt was exe-
cuted. This was all of plaintiff's testimony upon his re-ex-
amination. Counsel for defendant proposed to cross-examine
him, but was not permitted by the court. This ruling is the
ground of an objection here. The conflict between the evi-
dence of plaintiff as to defendant's admission at the former
trial, and defendant's own statement of the fact, if in truth
there is a conflict, is so trifling that the court was justified
in refusing to devote any more time to the matter. The
rights of neither party could have been affected differently,
whether the conversation was "shortly after" or "some time
after" the note was given. And plaintiff's evidence could
not have been received to impeach defendant, for the proper
foundation had not been laid. The court correctly exercised
its discretion in cutting off a controversy involving a matter
of no importance to either party.

*2. EVIDENCE: discretion of the court; practice.*

No other objections are made to the judgment; it is

AFFIRMED.